Good morning, Your Honors, and may it please the Court, Courtney Sahara, student at the Sandra Day O'Connor College of Law, under the supervision of Attorney Greg Leslie, here today on behalf of the Plaintiff Appellant, Mr. Corey Drew. I would like to reserve three minutes for rebuttal, and I will watch my time. This case concerns whether a complaint states a sufficient claim for relief under Section 1983, where it alleges law enforcement officials abused their state power and participated in a retaliatory campaign against a citizen, subjecting him to an investigation, arrest, and prosecution, simply because he exercised his First Amendment rights in criticizing law enforcement for his unlawful detainment. The answer is yes, such a complaint is sufficient. The Constitution and Section 1983 do not permit such an abuse of the state punitive power, and Mr. Drew is entitled to proceed with his claim to prove it. Can I ask to try to simplify this, for at least my purposes? As to Mr. Johnson, the defendant, the district court, as I read its order, simply says, these might have been sufficiently adverse actions to qualify as retaliatory under the First Amendment, but Mr. Drew failed to allege that they were undertaken without probable cause. And you argue in your brief, I think quite convincingly, that he really did allege that. He just, as a pro se complaint, he didn't put it in the same section as these claims. So as to — and that's the only basis on which the district court dismissed the claims against Mr. Johnson, correct? Your Honor, that is the most salient reason for the district court? It's not only the most salient. I read its order several times. It says the claims against Mr. Johnson all fail because of the absence of the allegation of probable cause. It actually assumes that they're sufficiently adverse actions to chill the exercise of First Amendment rights. Yes, Your Honor. So, okay. So if we were to find that the Court just erred by overlooking the allegation of lack of probable cause, we would then send the case back to the district court to address the other issues raised by the motion to dismiss, which, as far as I can tell, it never addressed. That is correct. And, Your Honor, there is one other error that was made by the district court. Well, there may have been lots of them, but let's — that entirely disposes of — it goes back, and we say to the district court, gee, you were wrong, there was an allegation of probable cause. Proceed from there, and you can move on with the case. So that strikes me as a relatively straightforward thing if we agree with you that lack of probable cause was sufficiently alleged. I want you to focus for me now on the claims against Mr. Bolts. The district court doesn't dismiss those for absence of an allegation of probable cause or lack of probable cause, but rather because — I'm now going to list the six things the district court says that you allege that he did. Even if he did them, they were not sufficiently — they're not the kind of thing that would chill the exercise of First Amendment rights. Would you address that ruling for me? Yes, Your Honor, gladly. So as to Captain Bolts, the district court erred when it isolated his actions from the context of the investigation in its entirety, and thus determined that his actions were too de minimis to constitute an adverse action under the second element of a First Amendment retaliation claim. Counsel, I thought that what he was saying wasn't that the acts were de minimis, but that they were the type of acts that would not chill a person of ordinary firmness. And they were all internal to the police department. And if it hadn't been for this litigation, your client would not have been aware of them. So why is the district court wrong to say that internal discussions of that kind, even if very unflattering, would not chill a person of ordinary firmness? Your Honor, so the issue with the court's determination on that front was that under the Ninth Circuit precedent in White v. Lee, the adverse action that Captain Bolts was tied to by his personal contributions to the investigation was its unreasonable scope and manner in its entirety. Well, that's what I'm trying to do. You don't allege that, though. And I think if you had, we'd have a different case. You allege, as I think to Hooten, that he did a lot of bad things, but you didn't he's not a defendant here. But as to Bolts, all you allege are these internal actions that Judge Graber spoke about. Check out the YouTube channel. Is there a photo? He's an unpleasant sovereign citizen and so forth. And we should have a threat assessment of him. All that's internal. So how does that chill a person who doesn't know of them? Your Honor, it's not that the issue is that he did find out about these actions and they were excessive and disproportionate to the underlying justification for the investigation into Mr. Drew. So — But that's not the issue. The issue isn't whether it was a terrible investigation, because then you'd run into other questions. The issue is whether or not, even if he did these six things, why did they, and that's all he's alleged to have done, how did those six things, if true, why were they likely to chill the exercise of your client's First Amendment rights? So there are a couple reasons. So first, the actions taken by Captain Bolts, specifically actions that treat him akin to a violent criminal when he was suspected at most of a misdemeanor like disorderly conduct, is that Captain Bolts' actions suggest a basis for possible future escalation by law enforcement in any interactions with Mr. Drew. But Captain Bolts not only requested that Mr. Drew's identity be widely circulated across all substations, he also engaged a terrorism liaison officer to put out a bulletin further advising officers of Mr. Drew, and he also foreclosed Mr. Drew's ability to make any meaningful contact with the Sheriff's Office about his ongoing complaints as to the issue, as to the incidents that gave rise to Mr. Drew's charges. At least we have to assume he did them. Tell me again why, if he did those things, they are something that a district judge had to conclude, why would a district judge end up concluding that it really didn't matter because those things would not have chilled the exercise of First Amendment rights? Leaving aside what the other defendants did, just looking at what he did, and not what anybody else did, if that's all that had happened. So, if we look at this court's precedent in White v. Lee, there the court stressed that courts must look through the forms to the substance of government conduct and asserted that informal measures such as the mere threat of invoking legal sanctions and other means of intimidation. Counsel, they didn't threaten him directly. That's what I'm, focus on the facts here, not on the case law, okay? Divorced from what the other people did, Johnson and Houghton or whatever the other person's name is, if all we had was what Boltz did, what would we be saying about that? And why would that chill his First Amendment rights? It sounds to me, Ms. Zahar, that your argument is really that it is that he ultimately found out about this information that allows you to tie the facts of this case to the White case that you're talking about, which is you can look to the form of the conduct because he did ultimately learn about it. But absent having learned about it because of the conduct of these other individuals, it wouldn't have on its face chilled his First Amendment rights because he wouldn't that that conduct itself never led to any action. Do you agree with that? Your Honor, so I, when we look at the internal communications that Mr. or Captain Boltz participated in, yes, I can understand why the court might find that that's not a basis for finding he contributed to an adverse action, but when we look at. So let me ask you, focusing maybe on the individuals who did have action that resulted in some sort of external, you know, that actually did end up touching your client's conduct and existence, the reinvestigation, the arrest and the prosecution by Johnson. I want to go back to that. I think you were starting to say that there are other other other than the probable cause issue, there are other issues that you take take issue with in the district court ruling. Can you can you talk about that for a moment? Yes. As to Captain Boltz conduct, I want to talk about Johnson Johnson Johnson. Yes. So we step I think Judge Hurwitz's question really went to the issue of the pleading probable cause beyond that. I think you were starting to say that there might have been other issues with the district court's ruling for as it relates to Johnson's conduct. So I want to give you an opportunity to address the other parts of the district court ruling that you take issue with. Yes, Your Honor. So as to Johnson, the district court found that because Lieutenant Johnson had not personally went out and filed the charges against Mr. Drew and was not the official who did the prosecution for the charges on Mr. Drew, that he would not be tied to those adverse actions. Where did the court find that? It seems to me I'm reading page 14 of the record, and the district court says, I assume for present purposes or words like that, that Johnson's participation in the investigation, arrest and prosecution were sufficiently adverse actions to meet the First Amendment test for retaliatory. But I don't find an allegation of absence of probable cause. So if you could direct me to where the district court said, and in any event, he wouldn't be liable because he didn't personally participate. I appreciate it. Yes, Your Honor. If you would just give me one moment to flip to it. So, Your Honor, I what I was referring to in the court's order was their comments related to Mr. Drew's malicious prosecution claim, which was brought against Mr. Johnson and were not appealing the dismissal.  So in but however, the district court did analyze the malicious prosecution claim under the framework of Section 1983. Right, but so it erred. Maybe it erred in analyzing that claim. You're not appealing the rejection of that claim. So tell me again, now responding to maybe I can maybe I can narrow Judge Desai's question if a little bit with respect to the First Amendment retaliation claim. Is there anything that the district court said other than there was no probable cause allegation that that we that you think was wrong? Your Honor, as it relates to Lieutenant Johnson, no. So if the court does decide that Mr. Drew did adequately allege a lack of probable cause, that would cure the other issues that the district court made. Specifically, one of the errors was that the district court found that Mr. Drew did not allege sufficient facts to qualify for the Neves exception to requiring a plaintiff to allege a lack of probable cause. Right, but the Neves exception only comes into play if there's an absence of an allegation of probable cause. Correct. So if the court is of agreement that Mr. Drew did adequately allege a lack of probable cause, the court would not need to reach that issue. So if the court did agree that the lack of probable cause was alleged, then that would cure the issues as to you. Well, the district court seemed to believe that, too, because in the section on leave to amend, at the end of the decision, the court says, you can cure this by alleging a lack of probable cause. So that seemed to be the only missing element in the district court's view as well. Yes, Your Honor, as to Lieutenant Johnson. But, however, as it relates to Captain Boltz, the district court did dismiss him from the First Amendment retaliation claim based on the finding that his actions did not constitute an adverse action. So Mr. Drew filed this appeal to correct that error. And so simply amending based off of the district court's order would not have cured that issue, because it is important that Captain Boltz is liable under this claim. He contributed meaningfully to the investigation. And Mr. Drew's prosecution and arrest — But where do you allege that? See, that's — it may well be true. But all you allege is that he did these six things. Maybe it's five. If you'd allege that he was a driving force, he'd helped to initiate the investigation, that he passed on information, but you don't allege that. That's my concern. And I understand it was a pro se litigant, but the district court said, you want to amend to allege more facts? You could have. And it seems to me those facts might well be important, if alleged, but you've given up the opportunity to amend. And as to those — so I'm still focusing on whether those six facts, the only facts alleged as to Boltz, are sufficient to meet the First Amendment test. Your Honor, so what's important is that when we look at this Court's precedent from 1978 in Johnson v. Duffy, the Court specifically discusses that Section 1983 specifically creates liability for every official who subjects or causes to be subjected any person to a deprivation of protected rights. And so in Johnson v. Duffy, in applying that language of Section 1983, noted that personal participation is not the only predicate for Section 1983 liability. The requisite — There has to — there has to be a causation. I think that's what Judge Hurwitz is getting at. And these — the allegations — I'm not sure how you read those allegations to incorporate a claim of participation of that kind in the ultimate problematic prosecution. Your Honor, I'm sorry, can you repeat the question? Well, you've stated the legal standard, but I'd like to hear why you think that the specific allegations are sufficient under that standard of causing the prosecution here and the arrest and so forth, rather than just being background music. Yes, Your Honor. So Captain Bolts, even in those six actions that were internal to the Yavapai County Sheriff's Office, he still personally and meaningfully participated in the investigation. He ordered Mr. Drew's identity to be circulated across all substations to put officers on notice of his identity. He requested a threat assessment on Mr. Drew from a bureau that specializes in the investigation of major crimes. And he foreclosed any meaningful opportunity for Mr. Drew to get in contact with the Sheriff's Office about his ongoing complaints that deal directly with the incidents that gave rise to Mr. Drew's arrest and prosecution. And so, under Johnson v. Duffy, Captain Bolts — You are over time, and I know you wanted to reserve some time for rebuttal, so we'll put two minutes on the clock for your rebuttal, but we'll hear from counsel on the other side now. Thank you, Your Honor. Good morning, and may it please the Court. My name is Jim Jollison, and I represent Lieutenant Johnson and Captain Bolts. And I might as well start out with Captain Bolts. Well, actually, it would be more helpful to me if you started out with your harder argument, and that's Johnson. But I wanted to start with the easier one. I know. As to Johnson, didn't it just — I mean, it's an understandable mistake. It's a pro se complaint, and it's hard to read. But doesn't this complaint allege the absence of probable cause? I don't believe it does under the Iqbal Twombly standard. And when I heard Judge Hurwitz say that, you know, in their brief, they convincingly, you know, say that they're — The allegation under the Iqbal Twombly is that you lack probable cause. They say you lack probable cause. It seems to me all the district court said was you never alleged it. District court didn't say you alleged it, but it didn't meet the Iqbal Twombly standard. The district court said, I don't find any allegation in the complaint of the absence of probable cause, assuming that's wrong, which I think it is. Let the district court deal with all the other arguments. The allegation doesn't sufficiently meet Iqbal Twombly standards, or I win anyway because of X, Y, or Z. But I'm not sure why we need to take up those arguments if, in fact, the district court just made an error. A very good district judge, but she made an error. Yeah, and again, as I heard you raise the issue, it occurred to me. We clearly take the position in our answering brief that as to the investigation, the arrest, and the prosecution, that there was not an adequate pleading of the absence of probable cause. Right, but the district court didn't rule on that basis. District court said, I'm assuming there was a sufficient allegation of the adverse public. Well, I don't even think she says she's assuming. She says, of these actions, Johnson's decisions to pursue an investigation and file charges likely qualify as adverse actions. That's probably better than saying assuming. But she addressed that issue and ruled against you and then said, but you win nonetheless because of the absence of a probable cause allegation. So, you know, I'm not sure why we should take up any issue except the absence of a probable cause allegation. And I agree with that. I know I included a lot of arguments, and I think they probably fall into sort of your arguments that Mr. Drew did not adequately plead the retaliatory investigation, arrest, and prosecution claims. I think those might go into Judge Hurwitz's grab bag of things that the district judge might tackle on remand with a little bit more clarity. You don't have to make it to us on appeal to make it to the district court. I would like you to make those, or at least argue, if you've conceded those arguments, that, you know, you think that they're adequately pled, then I mean, I don't think that you should abandon the argument because we may not be interested. I am actually, for one, interested, you know, in the argument that if Johnson decided what charges to file against Drew, I don't see how he didn't set into motion the subsequent arrest and prosecution. So, I mean, if you're telling me that you're conceding that he did adequately plead those claims, then that's fine. But since you've made the arguments that those are additional requirements, pleading requirements, are you now saying that those didn't need to be pled with any more specificity, that they have, he's pled the elements of those, of that claim? No, I don't agree with that. And I do stand by my arguments. And I'd like to address both. So your position is I'm still making those arguments, but you may not need to, whether or not we reach them is a separate issue. I think that if there are reasons to support the district judge's ultimate conclusion, Because I think that, wait, I think the district court concluded that the actions qualify as adverse actions, that Johnson's conduct qualifies adverse actions. So, and then ultimately ruled that Drew's failure to allege the probable cause factor was the basis of the decision. I don't know that the district court ruled on it as much as she assumed. Well, counsel, I would like to point you, as I did opposing counsel, to the portion at the end of the decision that deals with a leave to amend. The only amendment that the court said was required in order to state a claim with respect to Johnson was to include allegations of lack of probable cause. So I'm on ER 21, line 12, line 13 and 14. I think this is a be careful what you ask for question here. So perhaps you can make the argument that you think is appropriate to make. Well, of course, if you have concessions that you want to make, we'll accept those as well. But I don't mean to talk over you, Judge Graber, but I think the question is, there are statements in the district court's order that make clear that the decision to dismiss was based entirely on the failure to allege probable cause, which under a lower, sort of more lenient standard that's applied to pro se litigants is satisfied in this case. And that would all but resolve the question with respect to the conduct of Johnson on the other elements of the First Amendment claim. So I want to make sure I'm understanding what the issues are. It is clear from the district court's opinion and also from our brief that on the first element, we assumed arguendo that he engaged in First Amendment activity. And it's clear also for Bolts that the judge said this is de minimis. I think the judge's decision on Bolts was also correct under Mulligan versus Nichols. Okay, well, maybe focus your argument with respect to Johnson. Let me go to Johnson. So she immediately goes on, I think it's page 14 and 15 of the record to Johnson. And I don't see her making a substantive ruling on whether investigation is enough of a retaliation. Well, she says it very likely qualifies as an adverse action, which adverse action in this is a term that encompasses that it was retaliatory and was likely to chill First Amendment. So the question is, I guess the judge's side was asking you, at least I think she was, what do you want us to do here? I mean, if you want us to address the issue of whether or not the district court correctly found that it met the other requirements, we can. But my guess is you're going to lose on that. Or do you just want to concede that the district court erred on the probable cause front and that we need not address today anything else? And you're always free to go back to the district judge and argue towards it. You know, now that second look, maybe you made a mistake here. So the question is, what rulings are you seeking from us? Well, I'm seeking the court to uphold what the district judge did. So, counsel, are you, I'm now confused. Are you conceding or not conceding that the complaint adequately pleads the absence of probable cause? I am stating that it does not adequately plead the absence of probable cause and that the And if we reject that argument, are you seeking a ruling on anything else? Okay. So can I expand on that argument a little bit? I hear you telling me you're rejecting it. I think the way I read Mr. Drew's complaint is that he did an excellent job of pleading the absence of probable cause as to the non-serve defendants, Contreras and the guys that were in the original campground incident. But when it comes to pleading the absence of probable cause regarding the investigation, the arrest, and the criminal charges, no, I disagree that he did anything other than provide conclusory allegations to that effect. Let me ask you a clarifying question. Is it your view that he needs to plead each one of those separately, the retaliatory investigation, arrest, and prosecution claims? Well, on the absence of probable cause, I think that that, and I argue it in the brief, applies to all of the acts, the investigation, the arrest, the criminal. They're closely enough tied that there has to be an absence of probable cause. If there was probable cause that emanated from the investigation that supported the arrest, that supported the prosecution— Each case, Counselor, he has wording like these actions were baseless. These were filed without any factual evidence, with no facts or evidence. And in the introduction, there's kind of an overarching statement in paragraphs two and three that the actions all were unfounded and all lacked probable cause. So I guess I'm having a hard time seeing why that's insufficient, a sham investigation. I mean, I don't know what more is required. Because, Your Honor, respectfully, I find it conclusory under Iqbal Twombly that— I understand your argument.  And I tried to ask a different question before, and I suspect we just passed each other in the night on this. So let me ask the question this way. Let's assume that the three of us or two of us find that there was a sufficient allegation of the absence of probable cause. Now, my question to you is, do you want us to take up your argument that the district court order should nonetheless be affirmed because the other elements of a First Amendment retaliation claim weren't sufficiently pleaded, or do you want to just—are you abandoning that alternative argument in front of us today? I think if the Court found that the district judge was correct on the issue that there was not the absence of— No, no, that's not the one. That's not what I'm asking. Hence, I win. I'm asking a different question. If the judge was correct on it, then we don't need to get to any other issues, it seems to me. If the judge was wrong on it, but you nonetheless want us to affirm the judgment of the district court, then we would then have to turn to other issues. And how we would rule on them, I don't want to guess. So my question is, if we find that the judge was wrong on probable cause, are you urging that we nonetheless affirm based on some other grounds? If you are, then maybe we have to—maybe we should get to them and tell you whether you're right or wrong. If you're not urging that today, then we don't have to get to them. I would say you would have to address the investigation as an investigation alone, a First Amendment retaliatory action. We provided authority that it's not. The White case? I mean, this is not the White case, and the White case— Even though the district court didn't address those issues? Even though, yes. So you're asking us to affirm the district court on the basis of issues it never addressed? I believe these are bases that would lead to the correctness of the district court. Okay, so as a matter of sort of judicial economy, why should we do that? Were they raised below, is my question. Well, as a matter of judicial economy, Mr. Drews, he's in a rough spot. In March of 2024, he did a complaint against the campground defendants where he alleged all of the information that came out of the Hooten investigation and argued it established the basis for the claims against him. In fact— What does that have to do with judicial economy? I guess I'm confused, counsel. What does that have to do with the question I think that's pending, which is what specifically are the remaining arguments that you wish to advance for purposes of affirming the district court's judgment on alternative grounds? That the investigation, as it's alleged in this case, is not enough of a retaliatory action to support a claim, that there are insufficient allegations in the complaint that connect Johnson with the decision to arrest and the ultimate prosecution. Again, there is merely a conclusion that he had decided what charges should be filed. There's nothing in the complaint that says that he shaped the investigation, that he had any role in what came out of the investigation, and in fact it's clear that Hooten pursued the charges and it's also alleged that there was an arrest warrant issued by a judge. As I understand your argument now, what you're basically saying is you don't want us to address the issues the district court didn't address, but rather to find that the district court erred in finding that Johnson's actions very likely would have constituted a First Amendment violation in the absence, if the absence of probable cause had been alleged. If you don't agree with the correctness of the judge's ruling, we may or may not get to that, but I'm now clear you want us to get to that, if need be. And I'd like to just clarify where the arguments that you just listed in the last couple of arguments that were presented to the district court as an alternative ground for dismissal of the complaint. Can you be more specific, Judge Graber, just so I can answer your question? You just were saying there were insufficient allegations connecting Johnson to these decisions. That's what you were just talking about. Is this an argument that you made to the district court as well? Yes. Okay. Yeah. She didn't rely on them, but... Okay, right. Okay, thank you. Ms. Zahara, we'll put two minutes on the clock for you for your rebuttal. And maybe you can start by responding to, I think, some of these alternative arguments that were raised by Mr. Jellison, that assuming we agree with you on the probable cause issue, that it was adequately pled in the complaint, should we reach these alternative issues? Were they already reached by the district court? And what is your argument in response to Mr. Jellison's argument that he did not, that your client didn't adequately plead the retaliatory investigation, arrest, and prosecution claims separately? Your Honor, so let me first start with the appellee's statement that there was no connection with Lieutenant Johnson to the investigation, the decision to reinvestigate the incident, and the decision to file charges. If we take a look at page 38 of the excerpts of record, paragraph 148, Mr. Drew specifically alleges that on December 29, 2022, Johnson ordered Officer Larry Hooten to go out and, quote, re-interview the two security guards and manager at Thousand Trails. The very next paragraph, 149, specifically demonstrates that Mr. Drew intended to plead a separate adverse action of retaliatory investigation, where he pleads, quote, Johnson's order was the start of the retaliatory investigation on plaintiff. Sotomayor, can I ask you to, is there anything that connects Johnson more specifically not to the reinvestigation, but to the decision to arrest and prosecute? Yes, Your Honor. So if you take a look at page 39 of the excerpts of record, paragraph 165, Mr. Drew alleges that, quote, Johnson decided the charges to file on plaintiff before Hooten interviewed the alleged victims. And although it is not part of Mr. Drew's complaint, it is in the record, in the further excerpts of record, there was a dismissal order from the State court in Mr. Drew's were decided to be filed by Lieutenant Johnson. Were there disorderly conduct and threatening intimidating two of the charges that were ultimately filed? Yes, Your Honor. So the allegation also at ER 40, paragraph 169, is that what you're referring to right now when you're talking about Johnson's involvement in the decision to charge specific offenses? Yes, Your Honor. That and if we look at the further excerpts of record on page five, again, that criminal order, or I'm sorry, that order from the criminal matter, it specifically notes that the deputy testified that, quote, he was instructed by his supervising officer, ostensibly Lieutenant Johnson, as to what charges were to be filed against the defendant. And so it is plain, even in the criminal court's findings, that Lieutenant Johnson did make this decision about what charges were to be filed against Mr. Drew. And those were the charges that he was arrested on and the charges that he was prosecuted for. I understand. I understand that what you're now saying to us is. To the extent that the district court did rule that the other elements of a first defendant retaliation claim were pleaded, you think the court was correct? A separate question is, you got a ruling in your favor on that one below. If we were to send back this case to the district judge and say you erred on the probable cause ground, do you want us to address the other part of this or are you content to live with what the district court held? Are you referring to Captain Bolt's involvement in the matter? No, no. I'm still focusing on. I'm still focusing on Johnson. In other words, the district court's already ruled in your favor, it seems to me, or likely indicated that it will with respect to the other elements of a First Amendment retaliation claim as to Johnson. It's just said you lose on probable cause. If we were to disagree with you lose on probable cause issue, do you want us to address the district court's finding that you likely did very likely sufficed on the other issues or not? Mr. Your opponent says he'd like us to address that, but we don't have to. So my question is, what's your desire? So I'm assuming you're asking about the whether there was an adequately alleged a lack of probable cause. No, no. I'm assuming I asked you to assume that we found that there was an adequately alleged lack of probable cause. Your opponent says, OK, but I still should win because the district court was wrong in finding that the other elements of retaliation claim were present to the extent the district court found that. And he says, and I'd like you to take that up. Strikes me if I were in your position, I would say you don't need to take it up. The district court ruled in my favor. I don't need you to take it up, but I'm not I don't want to make litigation decisions for you. Do you want us to take it up or not take it up? No, Your Honor, I would agree with you on that front that there's no need to take it up here. And I agree that, I mean, if we were to get into it, Lieutenant Johnson's investigation, arrest, and prosecution that he personally and meaningfully contributed to. And that's the argument you already made. You don't need to repeat that. I was just looking to see what you wanted us to do. Yes, Your Honor. So I was just going to reiterate, of course, that these were sufficient adverse actions as to element two of Mr. Drew's claim. If I could, just in closing, as you know, we're not asking the court to decide today that Mr. Drew wins on the merits and that they find that Captain Bolts and Lieutenant Johnson are liable. We simply are asking that Mr. Drew be entitled to proceed with his claim and get the benefit of a responsive pleading and discovery to develop his claim so that he can prove his claim on the merits. Thank you very much. Thank you. Our supervising lawyer in the Law Student Council argument in this case, it's very helpful. And that concludes our session of the Ninth Circuit proceedings this week. I'd like to take a moment to thank our courtroom deputy and our other Ninth Circuit staff has been very helpful this week. So thank you very much. And with that, we are adjourned. Thank you very much.
judges: GRABER, HURWITZ, DESAI